UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ALLAN HERDEMIAN,

    Plaintiff(s),

v.

GO WIRELESS, INC., et al.,

    Defendant(s).

Case No.: 2:19-cv-01037-APG-NJK

**ORDER**

Pending before the Court is the parties' status report. Docket No. 14. The Court held a hearing on August 15, 2019. *See* Docket No. 22.

On June 17, 2019, this case was removed from state court. *See* Docket No. 1. Plaintiff seeks to stay discovery pending resolution of his motion to remand to state court. *See* Docket No. 14 at 4. Defendants had opposed that request and sought the issuance of a scheduling order so that this case can proceed without delay. *See id.* at 5. At the hearing, however, Defendants changed course and indicated that they are agreeable to entry of a stay.

Ordinarily, the pendency of a motion to remand is not sufficient justification to stay discovery. *See Cooks-Putnam v. Trump Las Vegas Corp.*, 2015 U.S. Dist. Lexis 115606, at *3 (D. Nev. Aug. 31, 2015) (citing *Grammer v. Colo. Hosp. Ass'n Shared Servs.*, 2015 U.S. Dist. Lexis 83966, at *5 (D. Nev. June 26, 2015)). Nonetheless, the Court has wide discretion to control its docket and to control discovery. *See, e.g.*, *V5 Techs. v. Switch, Ltd.*, ___ F. Supp. 3d ____, 2019 WL 3814287 (D. Nev. Aug. 13, 2019). At bottom, the Court's exercise of discretion in deciding

whether to stay discovery is guided by the overarching principles identified in Rule 1 of the Federal Rules of Civil Procedure to strive for the just, speedy, and inexpensive resolution of cases. *E.g.*, *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013) (quoting *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011)).

The Court finds that, in the circumstances of this case, discovery should not proceed until Plaintiff's motion to remand is decided. This case proceeded in state court for more than two years before removal. *See* Docket No. 14 at 2-3. Discovery was conducted in state court for 15 months, and discovery as to Plaintiff's individual claims closed on September 21, 2018. The state court resolved Defendants' motion for summary judgment, largely denying it. The state court appointed a special master to oversee additional discovery. The state court issued a minute order granting Plaintiff's motion for class certification. Upon removal, the parties dispute even the most fundamental elements of proceeding in this Court, such as whether a class has actually been certified for purposes of federal court litigation.[1] In short, this is not an ordinary situation in which a case has been removed in its infancy, but rather there is a long history of state court litigation, the impact of which is in dispute between the parties.[2] Weighing the competing goals in Rule 1,

---

[1] After the above minute order was issued but before a formal order was issued, the parties agreed to modify the class definition based on Defendants' position that it could not ascertain class members. *See* Docket No. 14 at 3. Two business days after that agreement, Defendants removed the case to this Court. *See id.* The parties now dispute the import of that minute order.

[2] By contrast, the resolution of a motion to remand in a typical case does not impact the discovery process in any meaningful way:

> Even if the underlying motion to remand is granted, that will not render any discovery conducted moot or otherwise result in a waste of the parties' resources. This action will continue in federal court or in state court. Unless the case settles, discovery will proceed regardless of the outcome of the District Court's remand decision. Hence, staying discovery pending resolution of the motion to remand would only serve to delay the proceedings with no possible countervailing benefit.

*Cooks-Putnam*, 2015 U.S. Dist. Lexis 115606, at *3 (internal quotations and citations omitted). Such reasoning is less applicable in a case in which significant proceedings occurred in state court and the parties disagree on even the basic procedural posture of this case in light of those proceedings.

the Court finds that it is in the interest of justice that discovery be stayed in this case pending resolution of Plaintiff's motion to remand.

In the event the motion to remand is denied, a proposed discovery plan must be filed within 14 days of the issuance of the order resolving that motion.[3]

IT IS SO ORDERED.

Dated: August 15, 2019

_____
Nancy J. Koppe
United States Magistrate Judge

---

[3] The parties have referenced a dispute as to whether class notice should issue at this time. The Court expresses no opinion herein on that issue.